**EXHIBIT "A"**

⊜ **EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
FLOYD COUNTY, GEORGIA

**25CV01054**
**KAY ANN KING**
**JUN 23, 2025 11:52 PM**

Mary Hardin Thornton, Clerk
Floyd County, Georgia

## IN THE SUPERIOR COURT OF FLOYD COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| ANGELA RUBINO, MELISSA SMITH, ) WILLIAM SMITH, BRADLEY ) BARNES )      *Plaintiff*, ) ) vs. ) ) ANTHONY BOSTON, SCOTT KENT, ) And CHRIS DEHART ) Each Individually and in their Official ) Capacity as Employees of the City of ) Rome, Georgia ) )      *Defendants*. ) | Civil Action File No. _____ **JURY TRIAL DEMANDED** |

---

### COMPLAINT FOR DAMAGES DUE TO VIOLATIONS OF 42 U.S.C. § 1983

NOW COMES Plaintiffs **Angela Rubino, Melissa Smith, William Smith,**

**Bradley Barnes** (Collectively**,** "Plaintiffs"), and files this Complaint, showing the

Court as follows:

### PART I. JURISDICTION AND VENUE

#### 1.

Plaintiff is subject to the jurisdiction and venue of this Court.

#### 2.

Defendant **ANTHONY BOSTON** ("Defendant Boston") is one of the persons

who is subject to the jurisdiction and venue of this court and individually harmed

Plaintiffs in this matter, and may be served at **120 CHIEF VANN DR SW, ROME GA, 30165**. He is an employee of the City of Rome Police Department.

3.

Defendant **SCOTT KENT** ("Defendant Kent") is one of the persons who is subject to the jurisdiction and venue of this court and individually harmed Plaintiffs in this matter, and may be served at **1525 Horseleg Creek Rd SW, Rome GA 30165.** He is an employee of the City of Rome Police Department.

4.

Defendant **CHRIS DEHART** ("Defendant Dehart") is one of the persons who is subject to the jurisdiction and venue of this court and individually harmed Plaintiffs in this matter, and may be served at **1507 New Rosedale Rd NE, Armuchee, GA 30105.** He is an employee of the City of Rome Police Department.

## PART II. FACTUAL BACKGROUND OF CLAIMS

5.

On June 24, 2023, there was a parade, hereinafter referred to as "Rome Pride Parade" in the City of Rome, in Floyd County, Georgia.

6.

Plaintiffs attended the parade to speak against and protest the message of the parade, specifically communicating a pro-family, pro-child message to counter the

exploitation and sexualization being advocated by the parade, which is what they each did.

7.

At all times relevant herein, the Plaintiffs' were either on private property where they had not been lawfully ordered to leave, or on public sidewalks, not blocking travel by others.

8.

Plaintiffs Angela Rubino, Bradley Barnes, and Melissa Smith were peacefully protesting or waving signs from their location which were opposed to the content of the parade, while Plaintiff William was documenting and reporting on the event.

9.

Defendants proceeded to harass Plaintiffs, telling them that they had to disperse or would be arrested.

10.

Defendants conspired together to suppress Plaintiffs' free speech rights and unlawfully arrested Plaintiffs.

11.

Plaintiffs were placed into handcuffs, arrested, and taken to jail, on the pretext of an ordinance violation.

12.

Defendants rarely, if ever, take people into custody for ordinance violations.

13.

Plaintiffs were harassed and arrested by the Defendants due to the content of their speech, namely, due to their opposition to the parade.

14.

Plaintiff William Smith was harassed and arrested by the Defendants due to his reporting on and recording of the event.

15.

Plaintiffs were released from custody on the same day, and had to seek legal counsel for their charges of "Assembly Permit Violation".

16.

The criminal charges against Plaintiffs were all nolle prosed on July 10, 2024.

17.

There was no arguable probable cause to arrest Plaintiffs for a violation of any law.

18.

Plaintiffs were not required to have a permit to exercise their free speech rights on a public sidewalk.

19.

Plaintiffs were not required to have a permit to exercise their free speech rights on private property.

20.

Defendant DeHart, as a ranking officer, orchestrated, condoned, and/or ordered the arrest of Plaintiffs by the other Defendants, and did not act to stop the violations of Plaintiffs' rights.

21.

Defendants engaged in the above-alleged conduct in direct violation of the First Amendment to the United States Constitution (1) in retaliation of Plaintiff's exercise of his First Amendment right to disagree with the speech content of the parade; (2) in retaliation for not dispersing in response to an unlawful order to disperse; (3) due to the content of Plaintiffs' speech; and/or, (4) to interfere with and prevent video recording of public activities in public areas to suppress the press and journalistic speech.

22.

In April of 2023, prior to the events of this claim, the City of Rome ordered a lawful gathering of pro-Trump citizens, who were gathering in support of Donald Trump, to also disperse, in violation of their rights. Angela Rubino was present at this

event.

## PART III. FEDERAL § 1983 CLAIMS

## Count 1: Fourth Amendment Claims

23.

Plaintiff incorporates all previous paragraphs.

24.

Plaintiff has a constitutional right to be free from unlawful searches, seizures, and arrest without probable cause.

25.

Defendants' actions of arresting Plaintiffs for a permit violation of a permit they were not required to have, or if they were, that is unconstitutional, was unlawful and a violation of Plaintiff's Fourth Amendment Rights.

26.

Plaintiffs were not violating any laws or doing anything to create probable cause or even arguable probable cause to be arrested or for their continued prosecution.

27.

Plaintiffs complied with all lawful orders of the Defendants.

28.

There was no arguable probable cause to arrest Plaintiffs.

29.

At all times herein, Defendants were acting under color of law.

30.

Defendants actions caused Plaintiffs a loss of liberty, and significant financial and other harm.

31.

Defendants' actions arise to the level of false arrest and malicious prosecution against Plaintiffs.

32.

The policy, or the pattern and practice arising to a policy, of the Defendants, in their official capacity, is to arrest people who are exercising their First Amendment Rights and are not violating any laws due to a desire to unlawfully control citizens with an unlawful permit requirement and related ordinances.

## **Count 2: First Amendment Claims**

33.

Plaintiff incorporates all previous paragraphs.

32.

Plaintiffs' action of waiving signs and peacefully protesting on public

property, or on private property where they were legally allowed to be, is protected speech under the First Amendment.

34.

Recording activities by a parade on a public road or sidewalk is protected journalism/press under the First Amendment.

35.

Acting under color of law, Defendants violated Plaintiffs' rights by harassing them for their opposition to the "Rome Pride Parade", ordering them to disperse, and then arresting them.

36.

Acting under color of law, Defendants violated Plaintiff William Smith's rights by arresting him in retaliation for recording the parade and events with a drone.

37.

Plaintiffs were significantly harmed and injured in numerous ways, including but not limited to by having their freedom taken away, needing to obtain legal counsel, being detained in the local jail, and suffer a long prosecution.

38.

Plaintiffs are entitled to damages, including but not limited to general damages, special damages, and attorney's fees.

## Count 3: Conspiracy to Violate Rights and Municipality

39.

Plaintiff incorporates all previous paragraphs.

40.

Defendants collectively worked and conspired to violate Plaintiffs' rights.

41.

To the extent that Defendants Boston and Kent believed their actions were permissible, it was due to the statements and actions of their supervisor, Defendant Dehart, that set a policy and pattern or practice arising to a policy that Defendants are permitted to arrest people exercising their free speech rights, in violation of the First Amendment.

42.

Defendants' policy to approach people and arrest them due to the content of their speech or as an attempt to remove protesters/protests from the public eye, is unconstitutional.

43.

Plaintiffs suffered emotional, mental, reputational, and monetary damages as a result of Defendants' actions of having Plaintiffs detained, arrested, and imprisoned, and Plaintiff is entitled to relief for these damages, which caused Plaintiff to suffer

significant pain and distress during and after the illegal arrest and incarceration.

44.

Plaintiff suffered emotional, mental, reputational, and monetary damages as a result of Defendants' actions of attempting to chill Plaintiff's speech to deter them from protesting events or speaking against the content of the events.

45.

The policy, or the pattern and practice arising to a policy, of the Defendants, in their official capacity, is to arrest people who are exercising their First Amendment Rights and are not violating any laws due to a desire to unlawfully control citizens with an unlawful permit requirement and related ordinances.

46.

Plaintiffs are entitled to a judgment declaring the restrictions by the Defendants, in their official capacities, unconstitutional, as well as an injunction preventing the Defendants from interfering with free speech rights of the Plaintiffs in the future.

## **Count 4. Attorney's Fees**

47.

Plaintiff incorporates all preceding paragraphs.

48.

Plaintiff suffered reputational, and monetary damages as a result of Defendants actions of having Plaintiff detained, arrested, and imprisoned, and therefore Plaintiffs are entitled to all attorney's fees and costs of this action when resolved in Plaintiff's favor.

49.

Plaintiff's claims arise under the 42 U.S.C. §1983 Civil Rights Act, and Plaintiff is therefore entitled to attorney's fees pursuant to 42 U.S.C. § 1988.

## Count 5. Punitive Damages

50.

Plaintiff incorporates all preceding paragraphs.

51.

The actions of each of the Defendants, as set forth above, show intentional and willful misconduct, wantonness, and that entire want of care which raises the presumption of a conscious indifference to the consequences of their actions. Accordingly, Plaintiffs seek punitive damages pursuant to O.C.G.A. § 51-12-5.1 and Federal law.

**WHEREFORE**, Plaintiff prays:

(a)    That Summons issue requiring Defendants to be and appear in this Court within the time provided by law to answer this Complaint;

(b)    That Plaintiff receive a Jury Trial of 12;

(c)    That Plaintiff receive favorable Judgment against Defendants for Compensatory Damages and General Damages as provided by law;

(d)    That Plaintiff be awarded Punitive Damages and Attorney's Fees as provided by law including but not limited to 42 U.S.C. §1988;

(e)    That Plaintiff have such other additional relief as the Court may consider equitable and/or appropriate, given the circumstances of this case.

Respectfully Submitted, this 23rd day of June, 2025.

<u>/s/ Jordan Johnson</u>
Jordan Johnson
Georgia State Bar No. 673643

Bernard & Johnson, LLC
5 Dunwoody Park
Suite 100
Atlanta, GA  30338
404.477.4755
404.592.9089 (Fax)
Alex@Justice.Law

# IN THE SUPERIOR COURT OF FLOYD COUNTY
## STATE OF GEORGIA

⚛ **EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
FLOYD COUNTY, GEORGIA

**25CV01054**
**KAY ANN KING**
**JUN 23, 2025 11:52 PM**

*Mary Hardin Thornton*
Mary Hardin Thornton, Clerk
Floyd County, Georgia

CIVIL ACTION NUMBER  <u>25CV01054</u>

Rubino, Angela
Smith, Melissa
Smith, William
Barnes, Bradley

_____
**PLAINTIFF**

**VS.**

Boston, Anthony
Kent, Scott
Dehart, Chris

_____
**DEFENDANTS**

### SUMMONS

TO: BOSTON, ANTHONY

    You are hereby required to file with the Clerk of said court and serve upon the plaintiff or plaintiff's attorney, whose name, address and email address are:

        **Jordan Johnson**
        **Bernard & Johnson, LLC**
        **5 Dunwoody Park, Ste 100**
        **Atlanta, Georgia 30338**
        **Alex@justice.law**

an answer to the complaint which is herewith served upon you. You must make your answer within 30 days after service of this summons upon you. This time excludes the day of service. If you fail to answer, the court will issue a default judgment against you for the relief sought in the complaint.

    If this action pertains to a Protective Order, the answer is to be filed and served on or before the scheduled hearing date attached.

**This 23rd day of June, 2025.**

        Clerk of Superior Court

*Mary Hardin Thornton*
_____
        Mary Hardin Thornton, Clerk
        Floyd County, Georgia

**IN THE SUPERIOR COURT OF FLOYD COUNTY**
**STATE OF GEORGIA**

⊕ **EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
FLOYD COUNTY, GEORGIA

**25CV01054**
**KAY ANN KING**
**JUN 23, 2025 11:52 PM**

Mary Hardin Thornton, Clerk
Floyd County, Georgia

CIVIL ACTION NUMBER  <u>25CV01054</u>

Rubino, Angela
Smith, Melissa
Smith, William
Barnes, Bradley

_____

**PLAINTIFF**

                                        **VS.**

Boston, Anthony
Kent, Scott
Dehart, Chris

_____

**DEFENDANTS**

                              **SUMMONS**

TO: KENT, SCOTT

        You are hereby required to file with the Clerk of said court and serve upon the plaintiff or plaintiff's attorney, whose name, address and email address are:

                **Jordan Johnson**
                **Bernard & Johnson, LLC**
                **5 Dunwoody Park, Ste 100**
                **Atlanta, Georgia 30338**
                **Alex@justice.law**

an answer to the complaint which is herewith served upon you. You must make your answer within 30 days after service of this summons upon you. This time excludes the day of service. If you fail to answer, the court will issue a default judgment against you for the relief sought in the complaint.

        If this action pertains to a Protective Order, the answer is to be filed and served on or before the scheduled hearing date attached.

**This 23rd day of June, 2025.**

                            Clerk of Superior Court


                            Mary Hardin Thornton, Clerk
                            Floyd County, Georgia

# IN THE SUPERIOR COURT OF FLOYD COUNTY
## STATE OF GEORGIA

⊕ **EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
FLOYD COUNTY, GEORGIA

**25CV01054**
**KAY ANN KING**
**JUN 23, 2025 11:52 PM**

Mary Hardin Thornton, Clerk
Floyd County, Georgia

CIVIL ACTION NUMBER  <u>25CV01054</u>

Rubino, Angela
Smith, Melissa
Smith, William
Barnes, Bradley

_____

**PLAINTIFF**

**VS.**

Boston, Anthony
Kent, Scott
Dehart, Chris

_____

**DEFENDANTS**

### SUMMONS

TO: DEHART, CHRIS

You are hereby required to file with the Clerk of said court and serve upon the plaintiff or plaintiff's attorney, whose name, address and email address are:

> **Jordan Johnson**
> **Bernard & Johnson, LLC**
> **5 Dunwoody Park, Ste 100**
> **Atlanta, Georgia 30338**
> **Alex@justice.law**

an answer to the complaint which is herewith served upon you. You must make your answer within 30 days after service of this summons upon you. This time excludes the day of service. If you fail to answer, the court will issue a default judgment against you for the relief sought in the complaint.

If this action pertains to a Protective Order, the answer is to be filed and served on or before the scheduled hearing date attached.

**This 23rd day of June, 2025.**

Clerk of Superior Court

Mary Hardin Thornton, Clerk
Floyd County, Georgia

**General Civil and Domestic Relations Case Filing Information Form**

✦ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
FLOYD COUNTY, GEORGIA

**25CV01054**

KAY ANN KING

JUN 23, 2025 11:52 PM

☑ **Superior** or ☐ **State Court of** _Floyd_ _____ **County**

| **For Clerk Use Only** | |
|---|---|
| **Date Filed** _06-23-2025_ **MM-DD-YYYY** | **Case Number** _25CV01054_ |

_Mary ___ ___ ___
Mary Hardin Thornton, Clerk
Floyd County, Georgia_

### Plaintiff(s)

| | | | | |
|---|---|---|---|---|
| Rubino, Angela | | | | |
| **Last** | **First** | **Middle I.** | **Suffix** | **Prefix** |
| Smith, Melissa | | | | |
| **Last** | **First** | **Middle I.** | **Suffix** | **Prefix** |
| Smith, William | | | | |
| **Last** | **First** | **Middle I.** | **Suffix** | **Prefix** |
| Barnes, Bradley | | | | |
| **Last** | **First** | **Middle I.** | **Suffix** | **Prefix** |

### Defendant(s)

| | | | | |
|---|---|---|---|---|
| Boston, Anthony | | | | |
| **Last** | **First** | **Middle I.** | **Suffix** | **Prefix** |
| Kent, Scott | | | | |
| **Last** | **First** | **Middle I.** | **Suffix** | **Prefix** |
| Dehart, Chris | | | | |
| **Last** | **First** | **Middle I.** | **Suffix** | **Prefix** |
| | | | | |
| **Last** | **First** | **Middle I.** | **Suffix** | **Prefix** |

**Plaintiff's Attorney** _Johnson, Jordan_      **Bar Number** _673643_      **Self-Represented** ☐

### Check one case type and, if applicable, one sub-type in one box.

**General Civil Cases**

- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contract
- ☐ Contempt/Modification/Other Post-Judgment
- ☐ Garnishment
- ☑ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**

- ☐ Adoption
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Dissolution/Divorce/Separate Maintenance/Alimony
- ☐ Family Violence Petition
- ☐ Modification
  - ☐ Custody/Parenting Time/Visitation
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

☐  Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____          _____
     **Case Number**                        **Case Number**

☑  I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐  Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____          **Language(s) Required**

☐  Do you or your client need any disability accommodations? If so, please describe the accommodation request.

_____

_____

SHERIFF'S ENTRY OF SERVICE                                SC-85-2

Civil Action No. 25CV0108EFHN OFFIC  Superior Court ☑  Magistrate Court ☐
                                      State Court ☐     Probate Court ☐
Date Filed 06-23-2025                 Juvenile Court ☐
                           JUN 27 2025

Georgia, _____ Floyd COUNTY

Attorney's Address
Jordan Johnson  Melissa Jones  Angela Rubino, Melissa Smith,
Bernardt Johnson LLC          William Smith, Bradley Barnes
5 Dunwoody Park ste 100              CLERK
Atlanta, Georgia 30338
                                                              Plaintiff

Name and Address of Party to be Served.                 VS.

Chris Dehart                        Anthony Boston, Scott
1507 New Rosedale Rd NE             Kent, Chris Dehart
Armuchee, Georgia 30105                                      Defendant

                                    RECEIVED

                                    JUN 24 2025           Garnishee

## SHERIFF'S ENTRY OF SERVICE

                                    FLOYD COUNTY SHERIFF'S OFFICE

**PERSONAL**
I have this day served the defendant _____ Chris Dehart _____ personally with a copy of
the within action and summons.

**NOTORIOUS**
I have this day served the defendant _____ by leaving a
copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hands of _____ described as follows:
age, about _____ years; weight _____ pounds; height, about _____ feet and _____ inches, domiciled at the residence of
defendant.

**CORPORATION**
Served the defendant _____ a corporation
by leaving a copy of the within action and summons with _____
in charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL**
I have this day served the above styled affidavit and summons on the defendant(s)  by posting a copy of the same to the door of the
premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail,
First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed
thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST**
Diligent search made and defendant _____
not to be found in the jurisdiction of this Court.

This 25 day of June , 20 25 .

                                                  _____ DEPUTY

SHERIFF DOCKET _____ PAGE _____

WHITE - CLERK    CANARY - PLAINTIFF    PINK - DEFENDANT

⚖ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
FLOYD COUNTY, GEORGIA

**25CV01054**

KAY ANN KING
JUL 01, 2025 01:00 AM

*Mary Hardin Thornton, Clerk
Floyd County, Georgia*

To:     All Judges, Clerks of Court, Courtroom Deputies, and Counsel of Record

From:   Jordan Johnson

Re:     Notice of Leave of Absence (Notice of Unavailability for Appellate Courts)

Date:   July 1, 2025

COMES NOW, Jordan Johnson, and respectfully requests and notifies all judges before whom he has cases pending (specifically including the case this notice is filed in), all affected clerks of court, courtroom deputies, and all opposing counsel, that he will be on leave of absence and otherwise be unavailable pursuant to Georgia Uniform Court Rule 16 and/or NDGA L.R. 83.1(E)(3) or SDGA L.R. 83.9.

1.

The periods of leave during which time undersigned will be away from the practice of law, are:

July 21-23, 2025 (3 days)

July 28-August 1, 2025 (5 days)

August 4, 2025 (1 day)

August 29, 2025 (1 day)

August 2-August 5, 2025 (4 days)

August 8, 2025 (1 day)

September 25- 26, 2025 (2 days)

September 29-October 1, 2025 (3 days)

October 9, 2025 (1 day)

October 14, 2025 (1 day)

November 7, 2025; November 10, 2025 (2 days)

November 24, 2025 (1 day)

December 9-11, 2025 (3 days)

December 29, 2025 (1 day)

January 5, 2025 (1 day)

The purpose of the leave is for travel/vacation, CLE or professional development, and/or family vacation(s)/care.

I certify that I am a lead counsel in the cases referenced and that the matter cannot be adequately handled and my clients' interests adequately protected by other counsel in these actions or by attorneys in my law firm. I kindly request that no hearings or trials be scheduled during this period.

2.

Pursuant to Georgia Uniform Court Rule 16 (in State cases) all affected judges and opposing counsel will have ten (10) days from the date of this notice to object to it. If no objections are filed, the leave of absence will be granted.

For all federal cases, counsel respectfully requests that the case not be calendared

during the periods of absence.


Respectfully Submitted,

/s/ Jordan Johnson
Jordan Johnson
Georgia State Bar No. 673643
5 Dunwoody Park
Suite 100
Atlanta, GA  30338
404-477-4755
Alex@Justice.Law


# **CERTIFICATE OF SERVICE**

This is to certify that I have on this date served a copy of the foregoing

Notice of Leave of Absence upon all judges, clerks, and opposing counsel in this

case by filing the same through a valid electronic case filing system, which gives

notice to all judges, counsel, and clerks affiliated with this case.


/s/ Jordan Johnson
Jordan Johnson
Georgia State Bar No. 673643
5 Dunwoody Park
Suite 100
Atlanta, GA  30338
404-477-4755
Alex@Justice.Law

SHERIFF'S ~~~~ Y OF SERVICE                                            SC-85-2

Civil Action No. 25CVO1054-4

|  | Superior Court | ☑ | Magistrate Court | ☐ |
|--|---|---|---|---|
|  | State Court | ☐ | Probate Court | ☐ |
|  | Juvenile Court | ☐ |  |  |

Date Filed  06-23-2025

Georgia, _____ Floyd COUNTY

Attorney's Address
Jordan Johnson
Bernard + Johnson LLC
5 Dunwoody Park ste 100
Atlanta, Georgia 30338

FILED IN OFFICE

JUL 01 2025

Melissa Jones

Angela Rubino, Melissa Smith,
William Smith, Bradley Barnes
                                                    Plaintiff

VS.

Anthony Boston, Scott
Kent, Chris Dehart
                                                    Defendant

Name and Address of Party to be Served.

Anthony Boston
12B Chief Vann Dr SW
Rome, Georgia 30165

RECEIVED

JUN 2 4 2025                              Garnishee

FLOYD COUNTY SHERIFF'S OFFICE

## SHERIFF'S ENTRY OF SERVICE

**PERSONAL**

✓ I have this day served the defendant  Tony Boston   personally with a copy of
the within action and summons.

**NOTORIOUS**

☐ I have this day served the defendant_____ by leaving a
copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hands of _____ described as follows:
age, about _____ years; weight _____ pounds; height, about _____ feet and _____ inches, domiciled at the residence of
defendant.

**CORPORATION**

☐ Served the defendant _____ a corporation
by leaving a copy of the within action and summons with_____
in charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL**

☐ I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the
premises designated in said affidavit, and on the same day of such posting a true copy of same in the United States Mail,
First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed
thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST**

☐ Diligent search made and defendant _____
not to be found in the jurisdiction of this Court.

This __1__ day of __July__, 20 25.

🖋 50113 Carswell
                                                    DEPUTY

SHERIFF DOCKET _____ PAGE _____

WHITE - CLERK        CANARY - PLAINTIFF        PINK - DEFENDANT

✦ **EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
FLOYD COUNTY, GEORGIA

**25CV01054**
**KAY ANN KING**
**JUL 25, 2025 11:06 AM**

*Mary Hardin Thornton*
Mary Hardin Thornton, Clerk
Floyd County, Georgia

## IN THE SUPERIOR COURT OF FLOYD COUNTY
## STATE OF GEORGIA

**ANGELA RUBINO, MELISSA SMITH, WILLIAM SMITH, BRADLEY BARNES**

   ***Plaintiffs*,**

v.

**ANTHONY BOSTON, SCOTT KENT, And CHRIS DEHART**
**Each Individually and in their Official Capacity as Employees of the City of Rome, Georgia**

   ***Defendants*.**

**CIVIL ACTION FILE NO:**
**25CV01054**

### DEFENDANT CHRIS DEHART'S ANSWER TO PLAINTIFFS' COMPLAINT FOR DAMAGES

COMES NOW, DEFENDANT CHRIS DEHART, individually and in his official capacity (hereinafter "this Defendant"), and files this, his Answer to Plaintiffs' Complaint for Damages (hereinafter "Complaint"), showing the Court as follows:

### FIRST DEFENSE

This Defendant may not be liable to Plaintiff based on insufficiency of process.

### SECOND DEFENSE

This Defendant may not be liable to Plaintiff based on insufficiency of service of process.

### THIRD DEFENSE

Plaintiffs' claims may be barred, in whole or in part, by the applicable statute of limitations.

### FOURTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the Complaint fails to state a claim upon which relief may be granted against this Defendant.

### FIFTH DEFENSE

This Defendant is not liable to Plaintiffs because of the doctrines of immunity, including, but not limited to, governmental immunity, sovereign immunity, official immunity, and qualified immunity.

### SIXTH DEFENSE

The Complaint should be dismissed because the Plaintiffs have failed to identify a policy, custom, or practice that proximately resulted in the violation of the Plaintiffs' rights.

### SEVENTH DEFENSE

This Defendant is not liable to the Plaintiffs because the Plaintiffs have not suffered any injuries or damages.

### EIGHTH DEFENSE

This Defendant is not liable to the Plaintiffs because this Defendant is not guilty of any willful misconduct or maliciousness.

## NINTH DEFENSE

To the extent the Plaintiffs seek to ascribe liability to this Defendant, this Defendant was an employee performing discretionary acts in good faith within the scope of his duties, and, by reason thereof is immune from suit under the doctrine of good faith immunity and/or qualified immunity.

## TENTH DEFENSE

This Defendant is not liable to the Plaintiffs because Plaintiffs' claims against this Defendant may be barred by Plaintiffs' failure to provide timely and sufficient ante litem notice as required by O.C.G.A. § 36-33-5.

## ELEVENTH DEFENSE

This Defendant is not liable to the Plaintiffs because the actions taken were legal.

## TWELFTH DEFENSE

This Defendant is not liable to the Plaintiffs because this Defendant acted in good faith and with probable cause.

## THIRTEENTH DEFENSE

This Defendant is not liable to the Plaintiffs because the Plaintiffs are estopped from asserting want of probable cause.

## FOURTEENTH DEFENSE

This Defendant is not liable to the Plaintiffs because this Defendant acted in a good-faith manner in carrying out the responsibilities of his office.

## FIFTEENTH DEFENSE

Imposition of punitive damages in this case would contravene the Due Process Clauses of the United States Constitution and the Georgia Constitution, and the Fourth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution on each of the following grounds:

a) The procedures pursuant to which punitive damages are awarded permit the award of punitive damages upon satisfaction of a standard of proof less than the applicable standard of proof required for the imposition of criminal sanctions;

b) The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of an award;

c) The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the award of punitive damages;

d) The procedures pursuant to which punitive damages are awarded are unconstitutionally vague;

e) The procedures pursuant to which punitive damages are awarded fail to provide a means for awarding separate judgments against alleged joint tortfeasors;

f) The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of punitive damages;

g) The procedures pursuant to which punitive damages are awarded fail to provide a clear appellate standard of review of an award of punitive damages;

h) The procedures pursuant to which punitive damages are awarded may permit the admission of evidence relative to punitive damages in the same proceeding during which liability and compensatory damages are determined;

i) An award of punitive damages would constitute an arbitrary and capricious taking of property without due process of law;

j) The procedure pursuant to which punitive damages are awarded results in the imposition of different penalties for the same or similar acts and, thus, violates the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

k) The procedure pursuant to which punitive damages are awarded permits the imposition of punitive damages in excess of the maximum criminal fine and/or administrative penalty for the same or similar conduct, which thereby infringes upon the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution; and

l) The procedure pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing, which violates the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution.

## SIXTEENTH DEFENSE

This Defendant is not liable to the Plaintiffs in any manner whatsoever because this Defendant was justified in taking said action.

## SEVENTEENTH DEFENSE

Specifically responding to the enumerated Paragraphs of the Complaint, this Defendant respond as follows:

## FACTUAL ALLEGATIONS

1.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint.

2.

This Defendant admits that Officer Boston is subject to the general jurisdiction and venue of this Court. This Defendant further admits that Officer Boston is an employee of the City of Rome Police Department. The remaining allegations contained in Paragraph 2 of the Complaint are denied.

3.

This Defendant denies that Officer Kent is subject to the jurisdiction and venue of this Court. This Defendant admits that Officer Kent is an employee of the City of Rome Police Department. The remaining allegations contained in Paragraph 3 of the Complaint are denied.

4.

This Defendant admits that Officer Dehart is subject to the general jurisdiction and venue of this Court. This Defendant further admits that Officer Dehart is an employee of the City of Rome Police Department. The remaining allegations contained in Paragraph 4 of the Complaint are denied.

5.

This Defendant denies the allegations contained in Paragraph 5 of the Complaint.

6.

This Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 6 of the Complaint.

7.

This Defendant denies the allegations contained in Paragraph 7 of the Complaint.

8.

This Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 8 of the Complaint.

9.

This Defendant denies the allegations contained in Paragraph 9 of the Complaint.

10.

This Defendant denies the allegations contained in Paragraph 10 of the Complaint.

11.

This Defendant admits that the Plaintiffs were arrested and taken into custody for an ordinance violation. This Defendant denies any remaining allegations contained in Paragraph 11 of the Complaint.

12.

This Defendant denies the allegations contained in Paragraph 12 of the Complaint.

13.

This Defendant denies the allegations contained in Paragraph 13 of the Complaint.

14.

This Defendant denies the allegations contained in Paragraph 14 of the Complaint.

15.

This Defendant admits that Plaintiffs were released from custody on the same day as their arrests. This Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 15 of the Complaint.

16.

This Defendant admits that a judgment of nolle prosequi was entered by Judge Johnson of the Municipal Court of the City of Rome, Georgia regarding each of the Plaintiffs' citations for Assembly Permit Ordinance Violation on July 10, 2024.  This Defendant denies any remaining allegations contained in Paragraph 16 of the Complaint.

17.

This Defendant denies the allegations contained in Paragraph 17 of the Complaint.

18.

Paragraph 18 of Plaintiff's Complaint is not an allegation of fact and therefore does not require a response. To the extent that a response is required, this Defendant denies that he is liable to the Plaintiffs and further denies that they are entitled to any relief they seek.

19.

Paragraph 19 of Plaintiff's Complaint is not an allegation of fact and therefore does not require a response. To the extent that a response is required, this Defendant denies that he is liable to the Plaintiffs and further denies that they are entitled to any relief they seek.

20.

This Defendant denies the allegations contained in Paragraph 20 of the Complaint.

21.

This Defendant denies the allegations contained in Paragraph 21 of the Complaint.

22.

This Defendant is without knowledge or information sufficient to form a belief as to whether Angela Rubino was present at an alleged gathering in April

2023. This Defendant denies any remaining allegations contained in Paragraph 22 of the Complaint.

## COUNT 1-FOURTH AMENDMENT CLAIMS

### 23.

This Defendant hereby adopts and incorporates by reference each affirmative defense set forth in this Answer and adopts and incorporates by reference his responses and answers to Paragraphs 1 through 22, inclusive of the Complaint as set forth hereinabove and as if each affirmative defense and each response and answer to said paragraphs were set forth herein verbatim.

### 24.

Paragraph 24 of Plaintiff's Complaint is not an allegation of fact and therefore does not require a response. To the extent that a response is required, this Defendant denies that he is liable to the Plaintiffs and further denies that they are entitled to any relief they seek.

### 25.

This Defendant denies the allegations contained in Paragraph 25 of the Complaint.

### 26.

This Defendant denies the allegations contained in Paragraph 26 of the Complaint.

27.

This Defendant denies the allegations contained in Paragraph 27 of the Complaint.

28.

This Defendant denies the allegations contained in Paragraph 28 of the Complaint.

29.

Paragraph 29 of Plaintiffs' Complaint is not an allegation of fact and therefore does not require a response. To the extent that a response is required, this Defendant admits that the named officers were employed and on duty as officers of the City of Rome Police Department at the time of Plaintiffs' arrest. This Defendant denies any remaining allegations contained in Paragraph 29 of the Complaint.

30.

This Defendant denies the allegations contained in Paragraph 30 of the Complaint.

31.

This Defendant denies the allegations contained in Paragraph 31 of the Complaint.

32.

This Defendant denies the allegations contained in Paragraph 32 of the Complaint.

## **COUNT 2-FIRST AMENDMENT CLAIMS**

33.

This Defendant hereby adopts and incorporates by reference each affirmative defense set forth in this Answer and adopts and incorporates by reference his responses and answers to Paragraphs 1 through 32, inclusive, of the Complaint as set forth hereinabove and as if each affirmative defense and each response and answer to said paragraphs were set forth herein verbatim.

32.[1]

The second Paragraph numbered 32 of Plaintiff's Complaint is not an allegation of fact and therefore does not require a response. To the extent that a response is required, this Defendant denies that he is liable to the Plaintiffs and further denies that they are entitled to any relief they seek.

34.

Paragraph 34 of Plaintiff's Complaint is not an allegation of fact and therefore does not require a response. To the extent that a response is required, this Defendant denies that he is liable to the Plaintiffs and further denies that they are entitled to any relief they seek.

35.

This Defendant denies the allegations contained in Paragraph 35 of the Complaint.

---

[1] The second paragraph of Count 2 is numbered 32 but it is the 34th numbered paragraph of the Complaint.

36.

This Defendant denies the allegations contained in Paragraph 36 of the Complaint.

37.

This Defendant denies the allegations contained in Paragraph 37 of the Complaint.

38.

This Defendant denies the allegations contained in Paragraph 38 of the Complaint.

## COUNT 3-CONSPIRACY TO VIOLATE RIGHTS AND MUNICIPALITY

39.

This Defendant hereby adopts and incorporates by reference each affirmative defense set forth in this Answer and adopts and incorporates by reference his responses and answers to Paragraphs 1 through 38, inclusive, of the Complaint as set forth hereinabove and as if each affirmative defense and each response and answer to said paragraphs were set forth herein verbatim.

40.

This Defendant denies the allegations contained in Paragraph 40 of the Complaint.

41.

This Defendant denies the allegations contained in Paragraph 41 of the Complaint.

42.

This Defendant denies the allegations contained in Paragraph 42 of the Complaint.

43.

This Defendant denies the allegations contained in Paragraph 43 of the Complaint.

44.

This Defendant denies the allegations contained in Paragraph 44 of the Complaint.

45.

This Defendant denies the allegations contained in Paragraph 45 of the Complaint.

46.

This Defendant denies the allegations contained in Paragraph 46 of the Complaint.

## <u>COUNT 4-ATTORNEY'S FEES</u>

47.

This Defendant hereby adopts and incorporates by reference each affirmative defense set forth in this Answer and adopts and incorporates by reference his responses and answers to Paragraphs 1 through 46, inclusive, of the Complaint as set forth hereinabove and as if each affirmative defense and each response and answer to said paragraphs were set forth herein verbatim.

48.

This Defendant denies the allegations contained in Paragraph 48 of the Complaint.

49.

This Defendant denies the allegations contained in Paragraph 49 of the Complaint.

## COUNT 5-PUNITIVE DAMAGES

50.

This Defendant hereby adopts and incorporates by reference each affirmative defense set forth in this Answer and adopts and incorporates by reference his responses and answers to Paragraphs 1 through 49, inclusive, of the Complaint as set forth hereinabove and as if each affirmative defense and each response and answer to said paragraphs were set forth herein verbatim.

51.

This Defendant denies the allegations contained in Paragraph 53 of the Complaint and further denies that Plaintiffs are entitled to any relief that they seek.

52.

Any and all allegations contained in the Complaint that this Defendant has not previously and expressly admitted are hereby denied.

WHEREFORE, having fully responded to the Complaint, this Defendant prays as follows:

(a)    That Plaintiffs' Complaint be dismissed;

(b)    That the prayers and demands in Plaintiffs' Complaint be denied;

(c)    That this Defendant have judgment entered in his favor and be hence discharged without cost; and

(d)    That this Defendant have such other and further relief as the Court deems equitable and just in the premises.

Respectfully submitted this 25th day of July, 2025.

DAVIS LUCAS CARTER, LLP

By:    */s/ J. Anderson Davis*
       J. ANDERSON DAVIS
       Georgia Bar No. 211077
       SAMUEL L. LUCAS
       Georgia Bar No. 142305

210 East 2nd Avenue
Suite 301
Rome, GA 30161
Phone: (706) 842-7555
adavis@davislucascarter.com
slucas@davislucascarter.com

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I do hereby certify that I have this day electronically filed the foregoing

*Defendant Chris DeHart's Answer to Plaintiffs' Complaint for Damages* with the

Clerk of Court using the PeachCourt E-Filing System, which will notify all counsel

of record:

Jordan Johnson
Bernard & Johnson, LLC
Alex@Justice.Law
(404) 477-4755
*Attorney for Plaintiffs*

This 25th day of July, 2025.

**DAVIS LUCAS CARTER, LLP**

By:    */s/ J. Anderson Davis*
       J. ANDERSON DAVIS
       Georgia Bar No. 211077

210 East 2nd Avenue
Suite 301
Rome, GA 30161
Phone: (706) 842-7555
adavis@davislucascarter.com

*Attorneys for Defendants*

⊕ **EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
FLOYD COUNTY, GEORGIA

**25CV01054**
**KAY ANN KING**
**JUL 25, 2025 11:06 AM**

*Mary Hardin Thornton, Clerk*
Floyd County, Georgia

## IN THE SUPERIOR COURT OF FLOYD COUNTY

## STATE OF GEORGIA

| | |
|---|---|
| **ANGELA RUBINO, MELISSA SMITH, WILLIAM SMITH, BRADLEY BARNES** | |
| *Plaintiffs*, | |
| **v.** | **CIVIL ACTION FILE NO: 25CV01054** |
| **ANTHONY BOSTON, SCOTT KENT, And CHRIS DEHART Each Individually and in their Official Capacity as Employees of the City of Rome, Georgia** | |
| *Defendants.* | |

### DEFENDANT ANTHONY BOSTON'S ANSWER TO PLAINTIFFS' COMPLAINT FOR DAMAGES

COMES NOW, DEFENDANT ANTHONY BOSTON, individually and in his official capacity (hereinafter "this Defendant"), and files this, his Answer to Plaintiffs' Complaint for Damages (hereinafter "Complaint"), showing the Court as follows:

### FIRST DEFENSE

This Defendant may not be liable to Plaintiff based on insufficiency of process.

### SECOND DEFENSE

This Defendant may not be liable to Plaintiff based on insufficiency of service of process.

## THIRD DEFENSE

Plaintiffs' claims may be barred, in whole or in part, by the applicable statute of limitations.

## FOURTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the Complaint fails to state a claim upon which relief may be granted against this Defendant.

## FIFTH DEFENSE

This Defendant is not liable to Plaintiffs because of the doctrines of immunity, including, but not limited to, governmental immunity, sovereign immunity, official immunity, and qualified immunity.

## SIXTH DEFENSE

The Complaint should be dismissed because the Plaintiffs have failed to identify a policy, custom, or practice that proximately resulted in the violation of the Plaintiffs' rights.

## SEVENTH DEFENSE

This Defendant is not liable to the Plaintiffs because the Plaintiffs have not suffered any injuries or damages.

## EIGHTH DEFENSE

This Defendant is not liable to the Plaintiffs because this Defendant is not guilty of any willful misconduct or maliciousness.

## NINTH DEFENSE

To the extent the Plaintiffs seek to ascribe liability to this Defendant, this Defendant was an employee performing discretionary acts in good faith within the scope of his duties, and, by reason thereof is immune from suit under the doctrine of good faith immunity and/or qualified immunity.

## TENTH DEFENSE

This Defendant is not liable to the Plaintiffs because Plaintiffs' claims against this Defendant may be barred by Plaintiffs' failure to provide timely and sufficient ante litem notice as required by O.C.G.A. § 36-33-5.

## ELEVENTH DEFENSE

This Defendant is not liable to the Plaintiffs because the actions taken were legal.

## TWELFTH DEFENSE

This Defendant is not liable to the Plaintiffs because this Defendant acted in good faith and with probable cause.

## THIRTEENTH DEFENSE

This Defendant is not liable to the Plaintiffs because the Plaintiffs are estopped from asserting want of probable cause.

## FOURTEENTH DEFENSE

This Defendant is not liable to the Plaintiffs because this Defendant acted in a good-faith manner in carrying out the responsibilities of his office.

## FIFTEENTH DEFENSE

Imposition of punitive damages in this case would contravene the Due Process Clauses of the United States Constitution and the Georgia Constitution, and the Fourth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution on each of the following grounds:

a) The procedures pursuant to which punitive damages are awarded permit the award of punitive damages upon satisfaction of a standard of proof less than the applicable standard of proof required for the imposition of criminal sanctions;

b) The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of an award;

c) The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the award of punitive damages;

d) The procedures pursuant to which punitive damages are awarded are unconstitutionally vague;

e) The procedures pursuant to which punitive damages are awarded fail to provide a means for awarding separate judgments against alleged joint tortfeasors;

f) The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of punitive damages;

g) The procedures pursuant to which punitive damages are awarded fail to provide a clear appellate standard of review of an award of punitive damages;

h) The procedures pursuant to which punitive damages are awarded may permit the admission of evidence relative to punitive damages in the same proceeding during which liability and compensatory damages are determined;

i) An award of punitive damages would constitute an arbitrary and capricious taking of property without due process of law;

j) The procedure pursuant to which punitive damages are awarded results in the imposition of different penalties for the same or similar acts and, thus, violates the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

k) The procedure pursuant to which punitive damages are awarded permits the imposition of punitive damages in excess of the maximum criminal fine and/or administrative penalty for the same or similar conduct, which thereby infringes upon the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution; and

l) The procedure pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing, which violates the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution.

## SIXTEENTH DEFENSE

This Defendant is not liable to the Plaintiffs in any manner whatsoever because this Defendant was justified in taking said action.

## SEVENTEENTH DEFENSE

Specifically responding to the enumerated Paragraphs of the Complaint, this Defendant respond as follows:

## <u>FACTUAL ALLEGATIONS</u>

### 1.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint.

### 2.

This Defendant admits that Officer Boston is subject to the general jurisdiction and venue of this Court. This Defendant further admits that Officer Boston is an employee of the City of Rome Police Department. The remaining allegations contained in Paragraph 2 of the Complaint are denied.

### 3.

This Defendant denies that Officer Kent is subject to the jurisdiction and venue of this Court. This Defendant admits that Officer Kent is an employee of the City of Rome Police Department. The remaining allegations contained in Paragraph 3 of the Complaint are denied.

### 4.

This Defendant admits that Officer Dehart is subject to the general jurisdiction and venue of this Court. This Defendant further admits that Officer Dehart is an employee of the City of Rome Police Department. The remaining allegations contained in Paragraph 4 of the Complaint are denied.

5.

This Defendant denies the allegations contained in Paragraph 5 of the Complaint.

6.

This Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 6 of the Complaint.

7.

This Defendant denies the allegations contained in Paragraph 7 of the Complaint.

8.

This Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 8 of the Complaint.

9.

This Defendant denies the allegations contained in Paragraph 9 of the Complaint.

10.

This Defendant denies the allegations contained in Paragraph 10 of the Complaint.

11.

This Defendant admits that the Plaintiffs were arrested and taken into custody for an ordinance violation. This Defendant denies any remaining allegations contained in Paragraph 11 of the Complaint.

12.

This Defendant denies the allegations contained in Paragraph 12 of the Complaint.

13.

This Defendant denies the allegations contained in Paragraph 13 of the Complaint.

14.

This Defendant denies the allegations contained in Paragraph 14 of the Complaint.

15.

This Defendant admits that Plaintiffs were released from custody on the same day as their arrests. This Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 15 of the Complaint.

16.

This Defendant admits that a judgment of nolle prosequi was entered by Judge Johnson of the Municipal Court of the City of Rome, Georgia regarding each of the Plaintiffs' citations for Assembly Permit Ordinance Violation on July 10, 2024.  This Defendant denies any remaining allegations contained in Paragraph 16 of the Complaint.

17.

This Defendant denies the allegations contained in Paragraph 17 of the Complaint.

18.

Paragraph 18 of Plaintiff's Complaint is not an allegation of fact and therefore does not require a response. To the extent that a response is required, this Defendant denies that he is liable to the Plaintiffs and further denies that they are entitled to any relief they seek.

19.

Paragraph 19 of Plaintiff's Complaint is not an allegation of fact and therefore does not require a response. To the extent that a response is required, this Defendant denies that he is liable to the Plaintiffs and further denies that they are entitled to any relief they seek.

20.

This Defendant denies the allegations contained in Paragraph 20 of the Complaint.

21.

This Defendant denies the allegations contained in Paragraph 21 of the Complaint.

22.

This Defendant is without knowledge or information sufficient to form a belief as to whether Angela Rubino was present at an alleged gathering in April

2023. This Defendant denies any remaining allegations contained in Paragraph 22 of the Complaint.

## COUNT 1-FOURTH AMENDMENT CLAIMS

### 23.

This Defendant hereby adopts and incorporates by reference each affirmative defense set forth in this Answer and adopts and incorporates by reference his responses and answers to Paragraphs 1 through 22, inclusive of the Complaint as set forth hereinabove and as if each affirmative defense and each response and answer to said paragraphs were set forth herein verbatim.

### 24.

Paragraph 24 of Plaintiff's Complaint is not an allegation of fact and therefore does not require a response. To the extent that a response is required, this Defendant denies that he is liable to the Plaintiffs and further denies that they are entitled to any relief they seek.

### 25.

This Defendant denies the allegations contained in Paragraph 25 of the Complaint.

### 26.

This Defendant denies the allegations contained in Paragraph 26 of the Complaint.

27.

This Defendant denies the allegations contained in Paragraph 27 of the Complaint.

28.

This Defendant denies the allegations contained in Paragraph 28 of the Complaint.

29.

Paragraph 29 of Plaintiffs' Complaint is not an allegation of fact and therefore does not require a response. To the extent that a response is required, this Defendant admits that the named officers were employed and on duty as officers of the City of Rome Police Department at the time of Plaintiffs' arrest. This Defendant denies any remaining allegations contained in Paragraph 29 of the Complaint.

30.

This Defendant denies the allegations contained in Paragraph 30 of the Complaint.

31.

This Defendant denies the allegations contained in Paragraph 31 of the Complaint.

32.

This Defendant denies the allegations contained in Paragraph 32 of the Complaint.

## COUNT 2-FIRST AMENDMENT CLAIMS

33.

This Defendant hereby adopts and incorporates by reference each affirmative defense set forth in this Answer and adopts and incorporates by reference his responses and answers to Paragraphs 1 through 32, inclusive, of the Complaint as set forth hereinabove and as if each affirmative defense and each response and answer to said paragraphs were set forth herein verbatim.

32.[1]

The second Paragraph numbered 32 of Plaintiff's Complaint is not an allegation of fact and therefore does not require a response. To the extent that a response is required, this Defendant denies that he is liable to the Plaintiffs and further denies that they are entitled to any relief they seek.

34.

Paragraph 34 of Plaintiff's Complaint is not an allegation of fact and therefore does not require a response. To the extent that a response is required, this Defendant denies that he is liable to the Plaintiffs and further denies that they are entitled to any relief they seek.

35.

This Defendant denies the allegations contained in Paragraph 35 of the Complaint.

---

[1] The second paragraph of Count 2 is numbered 32 but it is the 34th numbered paragraph of the Complaint.

36.

This Defendant denies the allegations contained in Paragraph 36 of the Complaint.

37.

This Defendant denies the allegations contained in Paragraph 37 of the Complaint.

38.

This Defendant denies the allegations contained in Paragraph 38 of the Complaint.

## COUNT 3-CONSPIRACY TO VIOLATE RIGHTS AND MUNICIPALITY

39.

This Defendant hereby adopts and incorporates by reference each affirmative defense set forth in this Answer and adopts and incorporates by reference his responses and answers to Paragraphs 1 through 38, inclusive, of the Complaint as set forth hereinabove and as if each affirmative defense and each response and answer to said paragraphs were set forth herein verbatim.

40.

This Defendant denies the allegations contained in Paragraph 40 of the Complaint.

41.

This Defendant denies the allegations contained in Paragraph 41 of the Complaint.

42.

This Defendant denies the allegations contained in Paragraph 42 of the Complaint.

43.

This Defendant denies the allegations contained in Paragraph 43 of the Complaint.

44.

This Defendant denies the allegations contained in Paragraph 44 of the Complaint.

45.

This Defendant denies the allegations contained in Paragraph 45 of the Complaint.

46.

This Defendant denies the allegations contained in Paragraph 46 of the Complaint.

## **COUNT 4-ATTORNEY'S FEES**

47.

This Defendant hereby adopts and incorporates by reference each affirmative defense set forth in this Answer and adopts and incorporates by reference his responses and answers to Paragraphs 1 through 46, inclusive, of the Complaint as set forth hereinabove and as if each affirmative defense and each response and answer to said paragraphs were set forth herein verbatim.

48.

This Defendant denies the allegations contained in Paragraph 48 of the Complaint.

49.

This Defendant denies the allegations contained in Paragraph 49 of the Complaint.

## COUNT 5-PUNITIVE DAMAGES

50.

This Defendant hereby adopts and incorporates by reference each affirmative defense set forth in this Answer and adopts and incorporates by reference his responses and answers to Paragraphs 1 through 49, inclusive, of the Complaint as set forth hereinabove and as if each affirmative defense and each response and answer to said paragraphs were set forth herein verbatim.

51.

This Defendant denies the allegations contained in Paragraph 53 of the Complaint and further denies that Plaintiffs are entitled to any relief that they seek.

52.

Any and all allegations contained in the Complaint that this Defendant has not previously and expressly admitted are hereby denied.

WHEREFORE, having fully responded to the Complaint, this Defendant prays as follows:

(a) That Plaintiffs' Complaint be dismissed;

(b) That the prayers and demands in Plaintiffs' Complaint be denied;

(c) That this Defendant have judgment entered in his favor and be hence discharged without cost; and

(d) That this Defendant have such other and further relief as the Court deems equitable and just in the premises.

Respectfully submitted this 25th day of July, 2025.

**DAVIS LUCAS CARTER, LLP**

By:    */s/ J. Anderson Davis*
          J. ANDERSON DAVIS
          Georgia Bar No. 211077
          SAMUEL L. LUCAS
          Georgia Bar No. 142305

210 East 2nd Avenue
Suite 301
Rome, GA 30161
Phone: (706) 842-7555
adavis@davislucascarter.com
slucas@davislucascarter.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I do hereby certify that I have this day electronically filed the foregoing

*Defendant Anthony Boston's Answer to Plaintiffs' Complaint for Damages* with the

Clerk of Court using the PeachCourt E-Filing System, which will notify all counsel

of record:

Jordan Johnson
Bernard & Johnson, LLC
Alex@Justice.Law
(404) 477-4755
*Attorney for Plaintiffs*

This 25th day of July, 2025.

**DAVIS LUCAS CARTER, LLP**

By:     */s/ J. Anderson Davis*
          J. ANDERSON DAVIS
          Georgia Bar No. 211077

210 East 2nd Avenue
Suite 301
Rome, GA 30161
Phone: (706) 842-7555
adavis@davislucascarter.com

*Attorneys for Defendants*

**EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
FLOYD COUNTY, GEORGIA

**25CV01054**

**KAY ANN KING**
JUL 25, 2025 11:06 AM

Mary Hardin Thornton, Clerk
Floyd County, Georgia

## IN THE SUPERIOR COURT OF FLOYD COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| **ANGELA RUBINO, MELISSA SMITH, WILLIAM SMITH, BRADLEY BARNES** | |
| *Plaintiffs*, | |
| v. | **CIVIL ACTION FILE NO: 25CV01054** |
| **ANTHONY BOSTON, SCOTT KENT, And CHRIS DEHART Each Individually and in their Official Capacity as Employees of the City of Rome, Georgia** | |
| *Defendants*. | |

## DEFENDANT SCOTT KENT'S SPECIAL APPEARANCE AND ANSWER TO PLAINTIFFS' COMPLAINT FOR DAMAGES

COMES NOW, DEFENDANT SCOTT KENT, individually and in his official capacity (hereinafter "this Defendant"), specially appearing and files this, his Special Appearance and Answer to Plaintiffs' Complaint for Damages (hereinafter "Complaint"), showing the Court as follows:

### FIRST DEFENSE

This Court lacks jurisdiction over this Defendant.

### SECOND DEFENSE

This Defendant may not be liable to Plaintiff based on insufficiency of process.

## THIRD DEFENSE

This Defendant may not be liable to Plaintiff based on insufficiency of service of process.

## FOURTH DEFENSE

Plaintiffs' claims may be barred, in whole or in part, by the applicable statute of limitations.

## FIFTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the Complaint fails to state a claim upon which relief may be granted against this Defendant.

## SIXTH DEFENSE

This Defendant is not liable to Plaintiffs because of the doctrines of immunity, including, but not limited to, governmental immunity, sovereign immunity, official immunity, and qualified immunity.

## SEVENTH DEFENSE

The Complaint should be dismissed because the Plaintiffs have failed to identify a policy, custom, or practice that proximately resulted in the violation of the Plaintiffs' rights.

## EIGHTH DEFENSE

This Defendant is not liable to the Plaintiffs because the Plaintiffs have not suffered any injuries or damages.

## NINTH DEFENSE

This Defendant is not liable to the Plaintiffs because this Defendant is not guilty of any willful misconduct or maliciousness.

## TENTH DEFENSE

To the extent the Plaintiffs seek to ascribe liability to this Defendant, this Defendant was an employee performing discretionary acts in good faith within the scope of his duties, and, by reason thereof is immune from suit under the doctrine of good faith immunity and/or qualified immunity.

## ELEVENTH DEFENSE

This Defendant is not liable to the Plaintiffs because Plaintiffs' claims against this Defendant may be barred by Plaintiffs' failure to provide timely and sufficient ante litem notice as required by O.C.G.A. § 36-33-5.

## TWELFTH DEFENSE

This Defendant is not liable to the Plaintiffs because the actions taken were legal.

## THIRTEENTH DEFENSE

This Defendant is not liable to the Plaintiffs because this Defendant acted in good faith and with probable cause.

## FOURTEENTH DEFENSE

This Defendant is not liable to the Plaintiffs because the Plaintiffs are estopped from asserting want of probable cause.

## FIFTEENTH DEFENSE

This Defendant is not liable to the Plaintiffs because this Defendant acted in a good-faith manner in carrying out the responsibilities of his office.

## SIXTEENTH DEFENSE

Imposition of punitive damages in this case would contravene the Due Process Clauses of the United States Constitution and the Georgia Constitution, and the Fourth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution on each of the following grounds:

a) The procedures pursuant to which punitive damages are awarded permit the award of punitive damages upon satisfaction of a standard of proof less than the applicable standard of proof required for the imposition of criminal sanctions;

b) The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of an award;

c) The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the award of punitive damages;

d) The procedures pursuant to which punitive damages are awarded are unconstitutionally vague;

e) The procedures pursuant to which punitive damages are awarded fail to provide a means for awarding separate judgments against alleged joint tortfeasors;

f) The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of punitive damages;

g) The procedures pursuant to which punitive damages are awarded fail to provide a clear appellate standard of review of an award of punitive damages;

h) The procedures pursuant to which punitive damages are awarded may permit the admission of evidence relative to punitive damages in the same proceeding during which liability and compensatory damages are determined;

i) An award of punitive damages would constitute an arbitrary and capricious taking of property without due process of law;

j) The procedure pursuant to which punitive damages are awarded results in the imposition of different penalties for the same or similar acts and, thus, violates the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

k) The procedure pursuant to which punitive damages are awarded permits the imposition of punitive damages in excess of the maximum criminal fine and/or administrative penalty for the same or similar conduct, which thereby infringes upon the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution; and

l) The procedure pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing, which violates the Due

Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution.

## SEVENTEENTH DEFENSE

This Defendant is not liable to the Plaintiffs in any manner whatsoever because this Defendant was justified in taking said action.

## EIGHTEENTH DEFENSE

Specifically responding to the enumerated Paragraphs of the Complaint, this Defendant respond as follows:

## FACTUAL ALLEGATIONS

1.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint.

2.

This Defendant admits that Officer Boston is subject to the general jurisdiction and venue of this Court. This Defendant further admits that Officer Boston is an employee of the City of Rome Police Department. The remaining allegations contained in Paragraph 2 of the Complaint are denied.

3.

This Defendant denies that Officer Kent is subject to the jurisdiction and venue of this Court. This Defendant admits that Officer Kent is an employee of the City of Rome Police Department. The remaining allegations contained in Paragraph 3 of the Complaint are denied.

4.

This Defendant admits that Officer Dehart is subject to the general jurisdiction and venue of this Court. This Defendant further admits that Officer Dehart is an employee of the City of Rome Police Department. The remaining allegations contained in Paragraph 4 of the Complaint are denied.

5.

This Defendant denies the allegations contained in Paragraph 5 of the Complaint.

6.

This Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 6 of the Complaint.

7.

This Defendant denies the allegations contained in Paragraph 7 of the Complaint.

8.

This Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 8 of the Complaint.

9.

This Defendant denies the allegations contained in Paragraph 9 of the Complaint.

10.

This Defendant denies the allegations contained in Paragraph 10 of the Complaint.

11.

This Defendant admits that the Plaintiffs were arrested and taken into custody for an ordinance violation. This Defendant denies any remaining allegations contained in Paragraph 11 of the Complaint.

12.

This Defendant denies the allegations contained in Paragraph 12 of the Complaint.

13.

This Defendant denies the allegations contained in Paragraph 13 of the Complaint.

14.

This Defendant denies the allegations contained in Paragraph 14 of the Complaint.

15.

This Defendant admits that Plaintiffs were released from custody on the same day as their arrests. This Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 15 of the Complaint.

16.

This Defendant admits that a judgment of nolle prosequi was entered by Judge Johnson of the Municipal Court of the City of Rome, Georgia regarding each of the Plaintiffs' citations for Assembly Permit Ordinance Violation on July 10, 2024. This Defendant denies any remaining allegations contained in Paragraph 16 of the Complaint.

17.

This Defendant denies the allegations contained in Paragraph 17 of the Complaint.

18.

Paragraph 18 of Plaintiff's Complaint is not an allegation of fact and therefore does not require a response. To the extent that a response is required, this Defendant denies that he is liable to the Plaintiffs and further denies that they are entitled to any relief they seek.

19.

Paragraph 19 of Plaintiff's Complaint is not an allegation of fact and therefore does not require a response. To the extent that a response is required, this Defendant denies that he is liable to the Plaintiffs and further denies that they are entitled to any relief they seek.

20.

This Defendant denies the allegations contained in Paragraph 20 of the Complaint.

21.

This Defendant denies the allegations contained in Paragraph 21 of the Complaint.

22.

This Defendant is without knowledge or information sufficient to form a belief as to whether Angela Rubino was present at an alleged gathering in April 2023. This Defendant denies any remaining allegations contained in Paragraph 22 of the Complaint.

## COUNT 1-FOURTH AMENDMENT CLAIMS

23.

This Defendant hereby adopts and incorporates by reference each affirmative defense set forth in this Answer and adopts and incorporates by reference his responses and answers to Paragraphs 1 through 22, inclusive of the Complaint as set forth hereinabove and as if each affirmative defense and each response and answer to said paragraphs were set forth herein verbatim.

24.

Paragraph 24 of Plaintiff's Complaint is not an allegation of fact and therefore does not require a response. To the extent that a response is required, this Defendant denies that he is liable to the Plaintiffs and further denies that they are entitled to any relief they seek.

25.

This Defendant denies the allegations contained in Paragraph 25 of the Complaint.

26.

This Defendant denies the allegations contained in Paragraph 26 of the Complaint.

27.

This Defendant denies the allegations contained in Paragraph 27 of the Complaint.

28.

This Defendant denies the allegations contained in Paragraph 28 of the Complaint.

29.

Paragraph 29 of Plaintiffs' Complaint is not an allegation of fact and therefore does not require a response. To the extent that a response is required, this Defendant admits that the named officers were employed and on duty as officers of the City of Rome Police Department at the time of Plaintiffs' arrest. This Defendant denies any remaining allegations contained in Paragraph 29 of the Complaint.

30.

This Defendant denies the allegations contained in Paragraph 30 of the Complaint.

31.

This Defendant denies the allegations contained in Paragraph 31 of the Complaint.

32.

This Defendant denies the allegations contained in Paragraph 32 of the Complaint.

## COUNT 2-FIRST AMENDMENT CLAIMS

33.

This Defendant hereby adopts and incorporates by reference each affirmative defense set forth in this Answer and adopts and incorporates by reference his responses and answers to Paragraphs 1 through 32, inclusive, of the Complaint as set forth hereinabove and as if each affirmative defense and each response and answer to said paragraphs were set forth herein verbatim.

32.[1]

The second Paragraph numbered 32 of Plaintiff's Complaint is not an allegation of fact and therefore does not require a response. To the extent that a response is required, this Defendant denies that he is liable to the Plaintiffs and further denies that they are entitled to any relief they seek.

---

[1] The second paragraph of Count 2 is numbered 32 but it is the 34th numbered paragraph of the Complaint.

34.

Paragraph 34 of Plaintiff's Complaint is not an allegation of fact and therefore does not require a response. To the extent that a response is required, this Defendant denies that he is liable to the Plaintiffs and further denies that they are entitled to any relief they seek.

35.

This Defendant denies the allegations contained in Paragraph 35 of the Complaint.

36.

This Defendant denies the allegations contained in Paragraph 36 of the Complaint.

37.

This Defendant denies the allegations contained in Paragraph 37 of the Complaint.

38.

This Defendant denies the allegations contained in Paragraph 38 of the Complaint.

## **COUNT 3-CONSPIRACY TO VIOLATE RIGHTS AND MUNICIPALITY**

39.

This Defendant hereby adopts and incorporates by reference each affirmative defense set forth in this Answer and adopts and incorporates by reference his responses and answers to Paragraphs 1 through 38, inclusive, of the Complaint as

set forth hereinabove and as if each affirmative defense and each response and answer to said paragraphs were set forth herein verbatim.

40.

This Defendant denies the allegations contained in Paragraph 40 of the Complaint.

41.

This Defendant denies the allegations contained in Paragraph 41 of the Complaint.

42.

This Defendant denies the allegations contained in Paragraph 42 of the Complaint.

43.

This Defendant denies the allegations contained in Paragraph 43 of the Complaint.

44.

This Defendant denies the allegations contained in Paragraph 44 of the Complaint.

45.

This Defendant denies the allegations contained in Paragraph 45 of the Complaint.

46.

This Defendant denies the allegations contained in Paragraph 46 of the Complaint.

## **COUNT 4-ATTORNEY'S FEES**

47.

This Defendant hereby adopts and incorporates by reference each affirmative defense set forth in this Answer and adopts and incorporates by reference his responses and answers to Paragraphs 1 through 46, inclusive, of the Complaint as set forth hereinabove and as if each affirmative defense and each response and answer to said paragraphs were set forth herein verbatim.

48.

This Defendant denies the allegations contained in Paragraph 48 of the Complaint.

49.

This Defendant denies the allegations contained in Paragraph 49 of the Complaint.

## **COUNT 5-PUNITIVE DAMAGES**

50.

This Defendant hereby adopts and incorporates by reference each affirmative defense set forth in this Answer and adopts and incorporates by reference his responses and answers to Paragraphs 1 through 49, inclusive, of the Complaint as

set forth hereinabove and as if each affirmative defense and each response and answer to said paragraphs were set forth herein verbatim.

51.

This Defendant denies the allegations contained in Paragraph 53 of the Complaint and further denies that Plaintiffs are entitled to any relief that they seek.

52.

Any and all allegations contained in the Complaint that this Defendant has not previously and expressly admitted are hereby denied.

WHEREFORE, having fully responded to the Complaint, this Defendant prays as follows:

(a)    That Plaintiffs' Complaint be dismissed;

(b)    That the prayers and demands in Plaintiffs' Complaint be denied;

(c)    That this Defendant have judgment entered in his favor and be hence discharged without cost; and

(d)    That this Defendant have such other and further relief as the Court deems equitable and just in the premises.

Respectfully submitted this 25th day of July, 2025.

**DAVIS LUCAS CARTER, LLP**

By:      */s/ J. Anderson Davis*
      J. ANDERSON DAVIS
      Georgia Bar No. 211077
      SAMUEL L. LUCAS
      Georgia Bar No. 142305

210 East 2nd Avenue
Suite 301
Rome, GA 30161
Phone: (706) 842-7555
adavis@davislucascarter.com
slucas@davislucascarter.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I do hereby certify that I have this day electronically filed the foregoing

*Defendant Scott Kent's Special Appearance and Answer to Plaintiffs' Complaint for*

*Damages* with the Clerk of Court using the PeachCourt E-Filing System, which will

notify all counsel of record:

Jordan Johnson
Bernard & Johnson, LLC
Alex@Justice.Law
(404) 477-4755
*Attorney for Plaintiffs*

This 25th day of July, 2025.

**DAVIS LUCAS CARTER, LLP**

By:    */s/ J. Anderson Davis*
           J. ANDERSON DAVIS
           Georgia Bar No. 211077

210 East 2nd Avenue
Suite 301
Rome, GA 30161           *Attorneys for Defendants*
Phone: (706) 842-7555
adavis@davislucascarter.com